**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21387

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| Sherry-Lynn Demelo, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Credit Control Services, Inc. d/b/a Credit Collection Services, | |
| Defendant. | |

Plaintiff, Sherry-Lynn DeMelo, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services, as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Florida Consumer Collections Practices Act, Fla Statute 559.55, *et seq*. ("FCCPA").

2.      The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt

collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. at § 1692(a).

3.     The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *See id.* at 1258.

4.     The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5.     Under the foregoing standard, a debt collector violates § 1692e by making a representation in a collection letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *See id*. at 1193–95.

6.     Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *See id.* at 1201.

7.     The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

8.     After Congress passed the FDCPA, the Florida State legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors and creditors. To this end, the Florida State legislature passed the FCCPA. The FCCPA is designed

to protect consumers from harassment like the type described herein, and to protect consumers like the Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id*. at § 559.552

## JURISDICTION AND VENUE

9.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1681p.   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10.      This court has jurisdiction over Defendant, Credit Collection Services, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12.      Plaintiff, Sherry-Lynn DeMelo ("Plaintiff") is a natural person who, at all times relevant hereto, was residing in Pinellas County, State of Florida.

13.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3) and §559.55(8) of the FCCPA.

14.      Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services ("Defendant") is a company existing under the laws of the State of Massachusetts, with its principal place of business in Boston, MA.

15.      Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of Defendant's businesses is the collection of such debts.

19.     Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(7) of the FCCPA.

21.     The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22.     Sometime around July 2020, Plaintiff allegedly incurred a debt to Quest Diagnostics Inc. ("Quest"), in the amount of $50.08 (the "Debt")

23.     At an exact time known only to Defendant, but sometime prior to December 23, 2020, Quest, or some entity operating on its behalf, placed, transferred, or assigned the Debt with Defendant for purposes of collection.

24.     At the time Quest placed, transferred, or assigned the Debt to Defendant, the Debt was in default.

25.     The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as it was a financial obligation that was incurred primarily for personal, family, or household purposes.

26.     In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

27.     Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

28.     As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

29.     The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

30.     Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(6).

31.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

32.     That correspondence, dated December 23, 2020, was received, and read by Plaintiff.  (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

33.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(6).

34.     The FDCPA prohibits the sharing of information regarding a consumer "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy…" See 15 U.S.C. § 1692c(b).

35.     In the relevant part, Section 1692c(b) states, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." See 15 U.S.C. § 1692c(b).

36.     The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

37.     Plaintiff did not provide prior consent to the sharing of her information with third parties.

38.     Plaintiff did not provide her prior consent to the sharing of her information with the third-party letter vendor Defendant chose to convey information to regarding the Debt as part of its collection efforts.

39.     Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time.

40.     The Letter contained several bar codes and/or QR codes as well as account numbers that, upon information and belief, contained sensitive and identifying information of Plaintiff, and were positioned next to the name and address of Plaintiff in a manner that such were visible

through the glassine window of the envelope sent to Plaintiff by mail. (A true and accurate, redacted, copy of the envelope "Letter Envelope" is attached as "**Exhibit 2**" and incorporated herein by this reference.)

41.     In fact, upon receipt of the Letter, Plaintiff noticed that Defendant's name, in all caps, bold font, "**CREDIT COLLECTION SERVICES**", is visible through the Letter Envelope.

42.     As a result of Defendant's conduct, Plaintiff suffered invasion into her individual privacy, embarrassment, reputational harm, and emotional distress, which caused Plaintiff to retain counsel.

43.     Upon reading and reviewing the Letter, Plaintiff realized she did not owe the Debt.

44.     In fact, Plaintiff previously disputed the Debt with the physician's office.

45.     Plaintiff is employed by LabCorp. and her insurance card clearly states LabCorp.

46.     As an employee of LabCorp., Plaintiff does not pay for lab work performed through LabCorp, therefore Plaintiff never would have authorized or ordered any lab work through her employer's competitor.

47.     Plaintiff's physician knew the foregoing.

48.     Plaintiff never heard back from the physician's office after disputing the alleged Debt, therefore thought the issue was resolved.

49.     As a result of receiving the Letter, Plaintiff suffered anxiety and emotional distress from being subjected to debt collection attempts by Defendant for a debt that wasn't owed, which caused Plaintiff to retain counsel.

50.     Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

51.     Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

52.     Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

53.     Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

54.     As set forth herein, Defendant deprived Plaintiff of these rights.

55.     Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

56.     Plaintiff's injury is directly traceable to Defendant's conduct because Defendant initiated the communications, and but for Defendant's conduct, Plaintiff would not have been deprived of his rights.

57.     Plaintiff has been misled by Defendant's conduct.

58.     Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

59.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

60.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

61.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

62.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

63.     As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

64.     As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

65.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

66.     A favorable decision herein would redress Plaintiff's injury with money damages.

67.     A favorable decision herein would serve to deter Defendant from further similar conduct.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692c(b) and § 1692f

68.     Plaintiff repeats and realleges the allegations set forth in paragraphs 22 through 39 and 54 through 67.

69.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

70.     The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

71.     Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

72.     Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

73.     Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

74.     Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

75.     Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

76.     Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

77.     Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff that results from Defendant's unauthorized disclosure of such private and sensitive information.

78.     Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

79.     Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

80.     Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

81.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

82.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

83.     Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

84.     Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

85.     As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

86.     Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  See S. Rep. No. 95-382, at 4 (1977) reprinted in U.S.C.C.A.N. 1695, 1698.

87.     As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

88.     A violation of Section 1692c(b) is an invasion of privacy.

89.     A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

90.     An invasion of privacy is an injury-in-fact that provides Article III standing

91.     As described herein, Defendant violated Section 1692c(b).

92.     As described herein, Defendant invaded Plaintiff's privacy.

93.     As such, Plaintiff has standing to seek redress in this Court.

94.     A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

95.     A violation of Section 1692c(b) is a public disclosure of private facts.

96.     A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

97.     A public disclosure of private facts is an injury-in-fact that provides Article III standing

98.     As described herein, Defendant violated Section 1692c(b).

99.     As described herein, Defendant publicly disclosed Plaintiff's private facts.

100.    As such, Plaintiff has standing to seek redress in this Court.

101.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692f & 1692f(8)

102.    Plaintiff repeats and realleges the allegations set forth in paragraphs 22 through 33, 40 through 42, and 54 through 67.

103.    Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", and underscores "the general application of" such prohibition.

104.    Section 1692f(8) of the FDCPA  specifically prohibits:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

105.    When the Letter was received by the Plaintiff, in addition to the Plaintiff's name and address appearing through the glassine window of the Letter Envelope, a bar code, QR code, alphanumeric characters, and account information regarding the Debt also appeared, in violation of § 1692f(8).

106. The bar code and/or QR code, upon information and belief, contained sensitive and identifying information of the Plaintiff.

107. The alphanumeric characters, upon information and belief, reference Plaintiff's account number or reference number with Defendant.

108. Also, Defendant's name in all caps, bold font, "**CREDIT COLLECTION SERVICES**", was visible through the Letter Envelope.

109. The foregoing information allowed anyone to glean that the Plaintiff was a debtor, had an alleged debt in collections, and alleged owed a debt to Defendant.

110. Defendant's actions of sending Plaintiff the Letter whereby a bar code, QR code, and alphanumeric characters appeared through the glassine window of the Letter Envelope violated Plaintiff's right to be free from embarrassment and/or reputational harm.

111. Defendant's actions of sending Plaintiff the Letter whereby "**CREDIT COLLECTION SERVICES**" was visible through the Letter Envelope violated Plaintiff's right to be free from embarrassment and/or reputational harm.

112. Defendant's conduct detailed herein violated the FDCPA.

113. As a result of Defendant's conduct, the Plaintiff suffered invasion into her individual privacy, embarrassment, reputational harm, and emotional distress, which caused the Plaintiff to retain counsel.

114. In addition, Plaintiff had to spend time in order to retain counsel, to investigate Defendant's conduct described herein.

115. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692f and 1692f(8) and is liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

116.    Plaintiff repeats and realleges the allegations set forth in paragraphs 22 through 23, 32 through 33, and 43 through 67.

117.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

118.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

119.    To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

120.    A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

121.    As set forth in paragraphs 43 through 48 of this Complaint, Plaintiff did not owe the Claimed Amount.

122.    As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

123.    In sum, Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

124.    As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice to provide a statement of the name of the creditor to whom the debt is owed.

125.    To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

126.    A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

127.    As set forth in paragraphs 43 through 48 of this Complaint, Plaintiff did not owe money to .

128.    As such, Defendant did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

129.    In sum, Defendant's statement that  was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to , violates 15 U.S.C. § 1692g(a)(2).

130.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

131.    Plaintiff repeats and realleges the allegations set forth in paragraphs 22 through 23, 32 through 33, and 43 through 67.

132.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

133.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

134.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

135.    An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

136.    An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

137.    As set forth in paragraphs 43 through 48 of this Complaint, Plaintiff did not owe the Claimed Amount.

138.    As set forth in paragraphs 43 through 48 of this Complaint, Plaintiff did not owe money to .

139.    As such, Defendant's allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

140.    Defendant's allegation that Plaintiff owed money to  is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

141.    Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

142.    Defendant's allegation that Plaintiff owed money to  is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

143.    Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

144.     Defendant's allegation that Plaintiff owed money to  is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

145.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## FIFTH COUNT
### Violation of §559.72(5) of the FCCPA

146.     Plaintiff repeats and realleges the allegations set forth in paragraphs 22 through 33, 36 through 39, and 54 through 67.

147.     Section 559.72(5) of the FCCPA provides that a debt collector shall not: "*Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*"

148.     Defendant disclosed information regarding Plaintiff to third parties, including a third-party letter vendor.

149.     Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

150.     Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

151.     Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

152.     Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

153.     Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

154.    Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

155.    Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

156.    For the foregoing reasons, Defendant violated 15 U.S.C. § 559.72(5) of the FCCPA and is liable to Plaintiff therefor.

## SIXTH COUNT
### Violation of §559.72(5) of the FCCPA

157.    Plaintiff repeats and realleges the allegations set forth in paragraphs 22 through 33, 40 through 42, and 54 through 67.

158.    Section 559.72(5) of the FCCPA provides that a debt collector shall not: "*Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*"

159.    The bar code and/or QR code, upon information and belief, contained sensitive and identifying information of the Plaintiff, which could be seen through the glassine window of the Letter Envelope.

160.    The alphanumeric characters, upon information and belief, reference Plaintiff's account number or reference number with Defendant, which could be seen through the glassine window of the Letter Envelope.

161.    Also, Defendant's name in all caps, bold font, "**CREDIT COLLECTION SERVICES**", was visible through the Letter Envelope.

162.    The foregoing information disclosed that the Plaintiff was a debtor, had an alleged

debt in collections, and alleged owed a debt to Defendant.

163.    For the foregoing reasons, Defendant violated 15 U.S.C. § 559.72(5) of the FCCPA

and is liable to Plaintiff therefor.

### CLASS ALLEGATIONS

164.    Plaintiff brings this action individually and as a class action on behalf of all

consumers similarly situated in the State of Florida.

165.    Plaintiff seeks to certify two classes of:

> i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

> ii. All consumers to whom Defendant sent a collection letter where Defendant name was visible through the envelope, which letter was sent on or after a date one year prior to the filing of this action to the present.

166.    This action seeks action seeks a finding that Defendant's conduct violates the

FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

167.    The Classes consists of more than thirty-five persons.

168.    Plaintiff's claims are typical of the claims of the Classes.  Common questions of

law or fact raised by this action affect all members of the Class and predominate over any

individual issues.  Common relief is therefore sought on behalf of all members of the Classes.  A

class action is superior to other available methods for the fair and efficient adjudication of this

controversy.

169.    The prosecution of separate actions by individual members of the Classes would

create a risk of inconsistent or varying adjudications with respect to the individual members of the

BRL
BARSHAY
RIZZO &
LOPEZ
ATTORNEYS

Classes, and a risk that any adjudications with respect to individual members of the Classes would, as a practical matter, either be dispositive of the interests of other members of the Classes not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

170.     Plaintiff will fairly and adequately protect and represent the interests of the Classes. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.   Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

**JURY DEMAND**

171.     Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

    a.      Certifying this action as a class action; and

    b.      Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

    c.      Finding Defendant's actions violate the FDCPA; and

    d.      Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

    e.      Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    f.      Finding Defendant's action violate the FCCPA, and

g.      Granting statutory and actual damages against Defendant, pursuant to § 559.77(2) of the FCCPA; and

h.      Awarding the costs of this action to Plaintiff; and

i.      Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

j.      Such other and further relief that the Court determines is just and proper.

DATED: October 4, 2021

Respectfully Submitted,

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  s/ *Jason Tenenbaum, Esquire*
Jason Tenenbaum, Esquire, Of Counsel
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21387
*Attorneys for Plaintiff*